No. 6089.

CHARLES T. ESTLIN VS. STATE OF LOUISIANA.

The plaintiff, authorized by an act of the Legislature to bring this action, sues the State of Louisiana for services alleged to have been rendered by him to the State as an auctioneer. But the sixth section of act No. 81 of 1872, referred to in the plaintiff's petition as conferring authority upon the Auditor and Treasurer to employ an auctioneer at the expense of the State to make sale of the bonds in question, does not confer such power; but, on the contrary, specially directs that the Auditor and Treasurer themselves shall offer such bonds at public auction, from day to day, to the highest bidder.- The plaintiff is not an auctioneer, nor is it alleged. He has shown no cause of action.

APPEAL from the Superior District Court, parish of Orleans. _Haw-kins_, J. _Charles S. Rice_ and _Isaiah Tharpe_, for plaintiff and appellant. _A. P. Field_, Attorney General, _J. Q. A. Fellows_, and _J. B. Cotton_, for defendant and appellee.

TALIAFERRO, J. The plaintiff, authorized by act of the Legislature to bring this action, sues the State for $10,969 56 for services, as he alleges, rendered the State as an auctioneer in selling thirteen hundred and fifty bonds transferred from the "free-school fund" and the "redemption-of-the-State-debt fund," pursuant to the requirements of section six of act No. 81 of 1872 of the General Assembly of the State. He avers that he was appointed to sell these bonds by the Auditor of Public Accounts and the Treasurer; that the bonds sold by him aggregated in amount $1,300,500, and the proceeds netted $1,096,965.

The plaintiff is met by a peremptory exception that his petition dis-

closes no legal cause of action. This exception was sustained by the court *a qua* and the suit dismissed. The plaintiff appealed.

It appears that Estlin, the plaintiff, being an employee in the Auditor's office at the date of the sale of the bonds, was designated by the Auditor and the Treasurer to perform the act of crying the sale, for which he claims he is entitled as auctioneer to one per cent commission on the net sales. But the sixth section of act No. 81 of the acts of 1872, referred to in the plaintiff's petition as conferring authority upon the Auditor and Treasurer to employ an auctioneer at the expense of the State to make sale of the bonds in question, does not confer such power; but, on the contrary, specially directs that the Auditor and Treasurer themselves shall offer such bonds at public auction, from day to day, to the highest bidder, etc. The plaintiff is not shown to be an auctioneer, nor is it alleged.

The judgment appealed from was properly rendered, and it is affirmed with costs.

Rehearing refused.